**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT WILLIAMS; ROBERT WILLIAMS, as Trustee for the Legacy VI Trust, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RYAN ZINKE, Secretary of the Department of the Interior;** GREGORY MARENGO; FIRST AMERICAN TITLE COMPANY; BUREAU OF INDIAN AFFAIRS, <br><br> Defendants-Appellees. | No. 14-36057 <br><br> D.C. No. 9:14-cv-00075-DWM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted March 9, 2017***
Portland, Oregon

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**Ryan Zinke has been substituted for Sally Jewell pursuant to Fed. R. App. P. 43(c).

***The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  O'SCANNLAIN, FISHER and FRIEDLAND, Circuit Judges.

Robert Williams appeals the district court's order granting First American Title Company's motion to dismiss based on res judicata and collateral estoppel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly dismissed Williams' claim for breach of the title insurance contract because that claim was previously decided by a Montana state court.  Under Montana law, res judicata "bars a party from relitigating a matter that she has already had an opportunity to litigate." *Baltrusch v. Baltrusch*, 130 P.3d 1267, 1273 (Mont. 2006).[1]  Here, the dispute is whether Williams holds title to certain property in fee simple or whether it remains in trust status, with title held by the United States.  Although Williams argues otherwise, that precise question was resolved by the Lake County, Montana district court in a previous title insurance claim Williams brought against First American.  Moreover, because Williams both raised and extensively briefed the fee-versus-trust question before the state court, his contention that he did not have a full and fair opportunity to litigate this claim fails.  Res judicata bars Williams from relitigating the title insurance claim here.

**AFFIRMED.**

---

[1] Montana's claim preclusion rules control.  *See McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 287 (1984); 28 U.S.C. § 1738.